UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>Plaintiff,<br><br>v.<br><br>C.O. DAVID, *et al.*,<br><br>Defendants. | Case No. 23-cv-10089<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT WASHINGTON'S MOTION TO DISMISS (ECF NO. 15)**

### I.  Introduction

Plaintiff Toran Peterson, a prisoner of the Michigan Department of Corrections' (MDOC), filed this pro se civil rights action under 42 U.S.C. § 1983.  ECF No. 1.  He alleges that Defendants Douglas David, Alexis Sims, and Loxton (first name unknown) used excessive force against him and retaliated against him in violation of the First, Eighth, and Fourteenth Amendments.  *Id.*  He also alleges that Defendant Heidi Washington, MDOC's director, failed to implement certain policies.  *Id.*  The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1).  ECF No. 11.  Washington moves to

dismiss for failure to state a claim and for failure to exhaust administrative remedies. ECF No. 15. Because Peterson fails to state a claim against Washington, the motion to dismiss should be **GRANTED**.

II. Analysis

### A.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal sufficiency. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Iqbal* Court explained, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007).

In deciding whether a plaintiff has set forth a "plausible" claim, the Court must construe the complaint in the light most favorable to the plaintiff and accept as true all well-pleaded factual allegations. *Id.* But

"[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," *Iqbal*, 556 U.S. at 678, and the Court has no duty to create a claim not spelled out in the pleadings, *Freightliner of Knoxville, Inc. v. DaimlerChrysler Vans, LLC*, 484 F.3d 865, 871 n.4 (6th Cir. 2007).  Pleadings filed by pro se litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers, but such complaints still must plead a plausible claim for relief. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012); *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007).

**B.**

Washington argues that Peterson fails to state a claim against her because he did not allege her personal involvement in any constitutional deprivation.  ECF No. 15, PageID.92-96.  The Court agrees.

Section 1983 provides a cause of action for deprivations of rights secured by the Constitution and federal laws.  *Johnson v. City of Detroit*, 446 F.3d 614, 618 (6th Cir. 2006).  To state a cognizable claim under § 1983, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. 662, 676 (2009); *see also Pineda v. Hamilton Cnty., Ohio*,

3

977 F.3d 483, 490 (6th Cir. 2020) (each defendant must be personally involved in the unconstitutional action).

Peterson claims no personal involvement in constitutional violations on Washington's part. Rather, Peterson alleges that Washington failed to "make the policy directive plain," causing a "hostile environment" and harassment by prison staff. ECF No. 1, PageID.3. Peterson also alleges that he was incompatible with his cellmate but that his request for a new cellmate was denied despite two other inmates having recently killed or injured their cellmates. *Id.*, PageID.2. He claims that Washington failed to implement a policy requiring staff to relocate prisoners who request a different cellmate, also creating a "hostile environment." *Id.*, PageID.3.

Peterson has identified no constitutional deprivation or violation of federal law stemming from Washington's alleged failure to implement policies. He has thus failed to give Washington "fair notice *of what the claim is* and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555 (cleaned up). And "[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." *Iqbal*, 556 U.S. at 676 (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)). An alleged constitutional violation must be based on active unconstitutional behavior; liability does not attach

4

based on a mere failure to act. *Grinter v. Knight*, 532 F.3d 567, 575-76 (6th Cir. 2008). "At a minimum, a § 1983 plaintiff must show that a supervisory official at least implicitly authorized, approved or knowingly acquiesced in the unconstitutional conduct of the offending subordinate." *Id.* (cleaned up).

Peterson does not allege that Washington authorized, approved, or even knew about the alleged harassment or denial of a different cellmate. Nor do Peterson's allegations support an inference that Washington adopted policies that led to violations of Peterson's constitutional rights. His vague claims that Washington failed to implement adequate policy measures fail to state a constitutional violation. *See, e.g.*, *Jones v. Washington*, No. 2:22-cv-10188, 2023 WL 3297115, at *5 (E.D. Mich. Mar. 23, 2023), *adopted* 2023 WL 3294109 (E.D. Mich. Apr. 24, 2023); *Schwab v. Devarmer*, No. 1:20-cv-485, 2020 WL 3542148, at *2, 5 (W.D. Mich. June 30, 2020); *Mitchell v. Washington*, No. 2:19-cv-10633, 2019 WL 2005916, at *3 (E.D. Mich. May 7, 2019).

Thus, Peterson's claims against Washington should be dismissed.

### III. Conclusion

The Court **RECOMMENDS** that Washington's motion to dismiss be **GRANTED** (ECF No. 15).

                                                  s/Elizabeth A. Stafford
                                                  ELIZABETH A. STAFFORD
                                                  United States Magistrate Judge

Dated: August 14, 2023

## NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in**

**length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 14, 2023.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
