UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| TORAN PETERSON,<br><br>                Plaintiff,<br><br>v.<br><br>DOUGLAS DAVID, *et al.*,<br><br>                Defendants. | Case No. 23-cv-10089<br>Honorable Mark A. Goldsmith<br>Magistrate Judge Elizabeth A. Stafford |

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (ECF NO. 36)**

### I.    Introduction

Plaintiff Toran Peterson, a prisoner proceeding pro se, brings this action under 42 U.S.C. § 1983 against Defendants Douglas David, Alexis Sims, and Robert Loxton. ECF No. 1. Peterson alleges that on September 20, 2022, David used excessive force against him by employing a takedown maneuver without justification. *Id.*, PageID.1. Peterson also alleges that on October 10, 2022, David, Sims, and Loxton moved him to segregation and failed to pack up his belongings in retaliation for writing a grievance against Loxton. *Id.*, PageID.2. Peterson allegedly remained in segregation for almost a month. *Id.* Peterson claims that defendants

violated the First, Eighth, and Fourteenth Amendments and asserts state-law claims of concert of action, civil conspiracy, assault and battery, intentional infliction of emotional distress, willful and wanton misconduct, and gross negligence. *Id.*, PageID.1, 3.

The Honorable Mark A. Goldsmith referred the case to the undersigned for all pretrial matters under 28 U.S.C. § 636(b)(1). ECF No. 11. Defendants move for summary judgment for failure to exhaust administrative remedies. ECF No. 36. The Court **RECOMMENDS** that defendants' motion be **GRANTED** and that Peterson's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

## II. Analysis

### A.

"The Court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court's function at the summary judgment stage "is not to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The party seeking summary judgment bears the initial burden of informing the Court of the basis for its motion and must specify the portions of the record that show the absence of a genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant satisfies this burden, the burden shifts to the non-moving party to go beyond the pleadings and set forth specific facts showing a genuine issue for trial. *Id.* at 324. The Court must view the factual evidence in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 380 (2007).

The Prison Litigation Reform Act (PLRA) requires prisoners to "properly" exhaust all "available" administrative remedies before filing a lawsuit challenging prison conditions. 42 U.S.C. § 1997e(a); *Woodford v. Ngo*, 548 U.S. 81, 88-90, 93 (2006). The PLRA requires exhaustion of internal remedies for "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). To meet this requirement, an inmate must strictly comply with the grievance process provided by the prison. *Woodford*, 548 U.S. at 93-94. But an inmate need only exhaust those remedies that are actually "available"; if an administrative remedy "is not capable of use to obtain

3

relief," then § 1997e will not act as a barrier to suit. *Ross v. Blake*, 578 U.S. 632, 643 (2016).

"Failure to exhaust administrative remedies is an affirmative defense, which the defendant has the burden to plead and prove by a preponderance of the evidence." *Lee v. Willey*, 789 F.3d 673, 677 (6th Cir. 2015). "But a prisoner countering a motion alleging failure to exhaust must offer competent and specific evidence showing that he indeed exhausted his remedies, or was otherwise excused from doing so." *Parks v. Mich. Dep't of Corr.*, No. 2:20-cv-11673, 2021 WL 3533422, at *3 (E.D. Mich. May 17, 2021), *adopted*, 2021 WL 2820984 (E.D. Mich. July 7, 2021) (cleaned up). Summary judgment based on failure to exhaust administrative remedies is not on the merits and thus requires dismissal without prejudice. *Adams v. Smith*, 166 F. App'x 201, 204 (6th Cir. 2006).

**B.**

MDOC Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. ECF No. 15-2. The policy requires a prisoner to try to informally resolve the problem with the allegedly offending staff within two days of learning about the grievable issue, and then, within five days of those informal efforts, file with the grievance coordinator a Step

4

I grievance about any unresolved issues.  *Id.* at PageID.111-112, ¶¶ Q, W.  The prisoner may then file a Step II grievance appeal within ten business days of receiving the Step I response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.113, ¶ DD.  The same schedule applies to a Step III appeal—it is due within ten business days of receiving the Step II response or, if no response was received, within ten business days after the date the response was due.  *Id.* at PageID.114, ¶ HH.  Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before suing.

Defendants submit a Step III grievance report showing that Peterson pursued no timely grievances through Step III after the alleged events in September and October 2022.[1]  ECF No. 15-3, PageID.118; ECF No. 41-1, PageID.208.  Peterson does not dispute that he did not adhere to the grievance process and instead argues that it was unavailable to him.  ECF No. 39, PageID.186-187.  First, Peterson states that he did not file grievances about the alleged events because he feared more retaliation.

---

[1] Peterson filed Step I grievances in December 2022 and January 2023 that he pursued through Step III.  ECF No. 41-1, PageID.208.  But those grievances would have been untimely if they concerned the events that allegedly took place in September and October 2022.  *See* ECF No. 15-2, PageID.111-112, ¶¶ Q, W.

5

*Id.* He claims that a non-party corrections officer retaliated against him for filing grievances by harassing him and using a taser on him, while defendants placed him in segregation in retaliation for filing a grievance against Loxton. *Id.* Second, Peterson says that filing grievances would have been futile, as his previous grievances were rejected. *Id.*

A grievance procedure is unavailable "when prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation." *Lamb v. Kendrick*, 52 F.4th 286, 292-93 (6th Cir. 2022) (cleaned up). But the evidence undermines Peterson's claim of intimidation. Between September 20, 2022 and January 12, 2023 (the date Peterson filed the complaint), he filed nine Step I grievances. ECF No. 41-1, PageID.208. Given his extensive use of the grievance process over this four-month span, the process was clearly available to Peterson. See *Mims v. David*, No. 1:22-cv-232, 2022 WL 18275886, at *4-5 (W.D. Mich. Dec. 14, 2022), *adopted*, 2023 WL 172005 (W.D. Mich. Jan. 12, 2023); *Sango v. Eubanks*, No. 2:20-cv-160, 2021 WL 2217372, at *2-3 (W.D. Mich. June 2, 2021), *aff'd sub nom. Sango v. Fleury*, No. 21-2597, 2022 WL 2163519 (6th Cir. May 4, 2022).

A grievance process is also unavailable "when (despite what regulations or guidance materials may promise) it operates as a simple

6

dead end—with officers unable or consistently unwilling to provide any relief to aggrieved inmates." *Lamb*, 52 F.4th at 292-93. Yet "a prisoner's subjective belief that the grievance process would be ineffective cannot excuse failure to exhaust the prison grievance procedure prior to filing suit." *Greene v. Godfrey*, No. 2:22-cv-12626, 2023 WL 7137278, at *3 (E.D. Mich. Sept. 27, 2023), *adopted sub nom. Greene v. Douglas*, 2023 WL 7131833 (E.D. Mich. Oct. 30, 2023) (cleaned up). Nor are administrative remedies unavailable "simply because a prisoner has never happened to obtain relief; the prison's failure to afford relief to inmates must be 'systemic' such that a prisoner could never expect to obtain relief, no matter the circumstance." *Gebhardt v. Larson*, No. 2:20-cv-11742, 2022 WL 4138600, at *4-5 (E.D. Mich. Aug. 2, 2022) (cleaned up). That a prisoner's grievances were denied, without more, is not enough to show a systemic failure. *Id.*

Peterson claims that many of his grievances were rejected despite having merit but offers no details about those grievances nor evidence that their rejection was baseless. *See Russell v. Berkshire*, No. 1:19-cv-1014, 2020 WL 7327577, at *4 (W.D. Mich. June 18, 2020), *adopted*, 2020 WL 6498910 (W.D. Mich. Nov. 5, 2020) (rejecting the argument that a prison's alleged custom of denying grievances rendered the process unavailable, as

7

the plaintiff did not "articulate details or specifics regarding these allegations"). He offers nothing but his subjective belief that any grievances would have been denied, and thus fails to show that the grievance procedure was unavailable. Peterson's constitutional claims should be dismissed for failure to exhaust.

## C.

Peterson also asserts various state-law claims. Because his constitutional claims should be dismissed, the case does not retain a federal character. Under 28 U.S.C. § 1367(c)(3), the court should decline to extend supplemental jurisdiction over Peterson's state-law claims and dismiss them without prejudice. *See Brown v. Cuyahoga Cnty., Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013) ("[Twenty-eight] U.S.C. § 1367 allows a district judge to decline to exercise supplemental jurisdiction over state-law claims if the district court has dismissed all claims over which it has original jurisdiction." (cleaned up)).

III.  Conclusion

The Court **RECOMMENDS** that defendants' motion be **GRANTED** (ECF No. 36), and that Peterson's remaining claims be **DISMISSED WITHOUT PREJUDICE**.

s/Elizabeth A. Stafford  
ELIZABETH A. STAFFORD  
United States Magistrate Judge

Dated: April 2, 2024

### NOTICE TO THE PARTIES ABOUT OBJECTIONS

Within 14 days of being served with this report and recommendation, any party may serve and file specific written objections to this Court's findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party fails to timely file specific objections, any further appeal is waived. *Howard v. Secretary of HHS*, 932 F.2d 505 (6th Cir. 1991). And only the specific objections to this report and recommendation are preserved for appeal; all other objections are waived. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991).

Each **objection must be labeled** as "Objection #1," "Objection #2," etc., and **must specify** precisely the provision of this report and recommendation to which it pertains. Within 14 days after service of

objections, **any non-objecting party must file a response** to the objections, specifically addressing each issue raised in the objections in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc. The response must be **concise and proportionate in length and complexity to the objections**, but there is otherwise no page limitation. If the Court determines that any objections lack merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that this document was served on counsel of record and any unrepresented parties via the Court's ECF System to their email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 2, 2024.

s/Marlena Williams
MARLENA WILLIAMS
Case Manager
