UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TORAN PETERSON,

    Plaintiff,                                                Case No. 23-cv-10089

v.                                                        HON. MARK A. GOLDSMITH

DOUGLAS DAVID et al.,

    Defendants.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION IN THE MAGISTRATE JUDGE'S
REPORT AND RECOMMENDATION (Dkt. 52) AND (2) GRANTING DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT (Dkt. 36)**

This matter is presently before the Court on Magistrate Judge Elizabeth A. Stafford's Report and Recommendation (R&R), issued on 4/2/24 (Dkt. 52), which recommends that the Court grant Defendants' motion for summary judgment (Dkt. 36).

Plaintiff Toran Peterson filed timely objections to the R&R (Dkt. 55), and Defendants filed a response (Dkt. 56). For the reasons that follow, the Court adopts the R&R (Dkt. 52) and grants Defendants' motion for summary judgment (Dkt. 36).

**I. BACKGROUND**

As laid out in the R&R, Peterson brings this pro se prisoner civil rights case against Defendants Douglas David, Andrew Sims, and Robert Loxton, employees at the prison where Peterson is currently incarcerated. See R&R at 1–2. Peterson alleges that, on September 20, 2022, David used excessive force against him by employing a "takedown maneuver" without justification. R&R at 1 (citing Compl. at PageID.1 (Dkt. 1)). He also alleges that David, Sims, and Loxton moved him to segregation on October 10, 2022—and failed to pack up his

belongings—in retaliation for Peterson writing a grievance against Loxton. Id. (citing Compl. at PageID.2). Peterson alleges that he remained in segregation for almost a month. Id. (citing Compl. at PageID.2). Peterson brings claims under the First, Eighth, and Fourteenth Amendments and asserts state-law claims of concert of action, civil conspiracy, assault and battery, intentional infliction of emotional distress, willful and wanton misconduct, and gross negligence. Id. at 2 (citing Compl. at PageID.1, 3).

Defendants moved for summary judgment for failure to exhaust administrative remedies. See Mot. for Summ. J. at 3. Michigan Department of Corrections (MDOC) Policy Directive 03.02.130 has a three-step procedure that prisoners must follow to complete the administrative review process and properly exhaust grievances. See Dkt. 15-2. Prisoners must appeal their grievances through Step III and wait until receipt of a Step III response, or until the response is past due, before bringing suit. Id. Defendants submit that Peterson failed to comply with this exhaustion requirement.

In his response in opposition to the motion for summary judgment (Dkt. 39), Peterson does not claim compliance with the grievance process. Rather, he argues that he was not required to comply with the grievance process because it was unavailable to him, as (i) he feared he would experience more retaliation if he were to file a grievance; and (ii) filing a grievance would have been futile, as his previous grievances were rejected. Resp. to Mot. for Summ. J. at PageID.186.

With respect to Peterson's first argument, the R&R acknowledges that courts consider grievance procedures unavailable where "'prison administrators thwart inmates from taking advantage of a grievance process through machination, misrepresentation, or intimidation.'" R&R at 6 (quoting Lamb v. Kendrick, 52 F.4th 286, 292–293 (6th Cir. 2022)). It concludes,

however, that "the evidence undermines Peterson's claim of intimidation." Id. Between September 20, 2022, when the alleged unlawful behavior happened, and January 12, 2023, when Peterson filed his complaint, he filed nine Step 1 grievances, demonstrating that the process was available to him and he did not believe otherwise. See R&R at 6 (citing Reply in Supp. Mot. for Summ. J. at PageID.208) (Dkt. 41-1)).

Regarding Peterson's second argument, the R&R cites case law stating that administrative remedies are not considered unavailable "simply because a prisoner has never happened to obtain relief; the prison's failure to afford relief to inmates must be 'systemic' such that a prisoner could never expect to obtain relief, no matter the circumstance." R&R at 7 (quoting Gebhardt v. Larson, No. 2:20-cv-11742, 2022 WL 4138600, at *4–*5 (E.D. Mich. Aug. 2, 2022)) (punctuation modified). Peterson provided no indication that the prison had demonstrated a "systemic" failure to afford relief—his subjective belief that any grievances would have been denied fails to demonstrate that the grievance procedure was unavailable. Id. at 7–8 (citing Greene v. Godfrey, No. 2:22-cv-12626, 2023 WL 7137278, at *3 (E.D. Mich. Sept. 27, 2023), adopted sub nom. Greene v. Douglas, 2023 WL 7131833 (E.D. Mich. Oct. 30, 2023)).

Because the R&R recommends the Court dismiss the federal claims for failure to exhaust, the R&R also recommends dismissing the state claims, without prejudice.

Peterson filed an objection (Dkt. 55). He argues that the R&R failed to apply "controlling precedent" that he presented in his motion for summary judgment—Ross v. Blake, 578 U.S. 632 (2016). See Obj. at PageID.276. He then asserts that he was intimidated out of filing grievances and that filing a grievance would be futile, repeating the allegations he made in his response brief to Defendants' motion for summary judgment. Id. Presumably in response to the R&R's emphasis on the fact that he had filed nine unrelated grievances between the date of

3

the alleged events at the center of this lawsuit and the date he filed the lawsuit, Peterson states: "What the papers of Pltfs. grievance filings shows [sic] and proves [sic] is, one, Pltf. doesn't mind filing/exhausting remedies, second, that the grievance system declines to give Pltf. relief where all of Pltfs grievances were denied." Id.

In response, Defendants emphasize the R&R's conclusion that Peterson's grievance record undermines his argument that the grievance process was unavailable to him. Resp. at 2 (citing R&R at PageID.67).

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

The Court finds Peterson's objection that the R&R erred in failing to consider Ross v. Blake, 578 U.S. 632 (2016), to be unpersuasive. In Ross, the Supreme Court found that an administrative procedure is unavailable where (i) it operates as a simple dead end, with officers unable or consistently unwilling to provide any relief to aggrieved inmates; (ii) where it is so opaque that it becomes incapable of use; and (iii) where prison administrators thwart inmates from taking advantage of it through machination, misrepresentation, or intimidation. Ross, 578 U.S. at 643–644.

While the R&R does not explicitly mention Ross v. Blake, it applies Ross's three-prong standard for evaluating whether a grievance procedure should be considered unavailable. See R&R at 6–7 (quoting Lamb v. Kendrick, 52 F.4th 286, 292–293). Peterson's objection,

4

therefore, has no merit.

Nor does Peterson show how the R&R misapplied the test. His argument based on alleged intimidation does not address the R&R's unassailable point: how could Peterson have been intimidated from filing a grievance about the instant dispute if he had the fortitude to file nine other grievances? And to the extent that he argues that the denial of those grievances indicates the futility of filing grievances, he provides nothing to rebut the R&R's conclusion that administrative remedies are not considered unavailable "simply because a prisoner has never happened to obtain relief." R&R at 7 (quoting Gebhardt v. Larson, No. 2:20-cv-11742, 2022 WL 4138600, at *4–*5 (E.D. Mich. Aug. 2, 2022)).

The Court has reviewed the R&R and agrees with its conclusion that Peterson's federal claims cannot withstand Defendants' motion for summary judgment. The Court also agrees with the recommendation that the state-law claims be dismissed without prejudice, as the federal claims are being dismissed. R&R at 8 (citing 28 U.S.C. § 1367).

### III. CONCLUSION

For the reasons stated above, the Court grants Defendants' motion for summary judgment (Dkt. 36).

SO ORDERED.

Dated: July 25, 2024　　　　　　　　　　　　　　　s/Mark A. Goldsmith  
　　Detroit, Michigan　　　　　　　　　　　　　　MARK A. GOLDSMITH  
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge